UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAPCO INTERNATIONAL CORPORATION,

  Plaintiff,

v.

DINESOL BUILDING PRODUCTS, LTD.,

  Defendant.
_____/

Case No. 05-70934

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ITS COUNTERCLAIMS WITHOUT PREJUDICE [111]**

  This matter comes before the Court on Defendant DINESOL Building Products, Ltd. ("Dinesol")'s motion to dismiss its counterclaims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). For the reasons stated below, this Court GRANTS Defendant's motion and DISMISSES WITHOUT PREJUDICE Defendant's counterclaims, the sole remaining claims pending in this matter.

**I. Facts**

  On March 10, 2005, Tapco filed a complaint against Dinesol alleging that it infringed five patents belonging to Tapco. On April 14, 2005, Dinesol filed a counter-complaint alleging claims of antitrust and tortious interference and seeking a declaratory judgment of invalidity, unenforcement, and/or non-infringement as to the five Tapco patents. Tapco subsequently amended its complaint, and Dinesol once again filed a counter-complaint alleging the same claims. At a status conference held on April 27, 2005, the Court elected to resolve the patent claims before addressing Dinesol's antitrust counterclaims.

On December 6, 2005, the United States District Court for the Northern District of Ohio ("Ohio Court") entered an order in a matter pending before it between Tapco and Dinesol. The Ohio Court's order enforced a previous Settlement Agreement between Tapco and Dinesol, resolved the case pending before it, and barred Tapco from pursuing its patent infringement claims in this Court. Tapco appealed the Ohio Court's decision to the Federal Circuit Court of Appeals.

Because of the pending appeal in the Ohio action, this Court entered a stay of the proceedings in this Michigan action on April 25, 2006.

Meanwhile, on July 11, 2006, the Ohio Court granted Dinesol's motion for contempt, ordered Tapco to pay Dinesol $55,630.10 for costs, and further ordered Tapco to seek an immediate voluntary dismissal without prejudice of its patent claims against Dinesol in this Michigan action. Tapco subsequently appealed this Order as well to the Federal Circuit.

On July 27, 2006, this Court lifted the stay in the Michigan action for the limited purpose of allowing Tapco to file a motion to voluntarily dismiss its patent claims without prejudice in compliance with the Ohio Court's July 11, 2006 order. That same day, this Court entered an order granting Tapco's motion to dismiss its claims in the Michigan action without prejudice. As a result, the only claims currently pending before this Court are those asserted in Dinesol's counter-complaint.

On September 14, 2006, the Federal Circuit Court of Appeals affirmed the Ohio Court's December 6, 2005 order.

On December 5, 2006, Dinesol filed a new complaint in the Ohio Court against Tapco alleging that, in prosecuting the patent infringement claims in this Michigan action, Tapco abused the judicial process and engaged in malicious prosecution. Currently pending in

2

the Ohio action is Tapco's motion to dismiss arguing that Dinesol's new complaint should be dismissed because a parallel action is pending here in Michigan. The Ohio Court has not yet ruled on that motion.

On March 12, 2007, the Federal Circuit Court of Appeals affirmed the Ohio Court's July 11, 2006 order.

On May 14, 2007, this Court entered a stipulated order lifting the stay, thus recommencing Dinesol's counterclaims against Tapco which had been stayed since the outset of this Michigan action.

Dinesol brings this motion seeking to dismiss its counterclaims without prejudice. Tapco responds by arguing that the motion should be denied or, in the alternative, granted on two conditions: (1) that Dinesol dismiss its current action pending in the Ohio Court without prejudice; and (2) if Dinesol refiles its antitrust claims or files any claim of any type or description for the costs and actual attorney fees incurred by Dinesol in this Michigan action, it must do so in this Michigan Court.

## II. Analysis

Federal Rule of Civil Procedure 41 establishes the procedure for the voluntary and involuntary dismissal of actions in federal court. Rule 41(a)(2) allows a plaintiff (or counter-plaintiff) to seek a voluntary dismissal by court order where a dismissal as of right is no longer available under Rule 41(a)(1)(i), and the plaintiff (or counter-plaintiff) is unable to obtain a stipulation to dismiss from the opposing party under Rule 41(a)(1)(ii).

The decision to grant or deny a motion under Rule 41(a)(2) rests in the sound discretion of the trial court. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). When exercising its discretion, the district court asks and answers three questions:

(1) whether the dismissal is appropriate; (2) if yes, whether the dismissal should be with or without prejudice; and (3) whether any terms or conditions should accompany the dismissal. *Burnette v. Godshall*, 828 F. Supp. 1433, 1439 (N.D. Cal. 1993), *aff'd*, 72 F.3d 766 (9th Cir. 1995).

The Court addresses each of these in turn.

## A. Whether Dismissal is Appropriate

In general, a motion to dismiss should be granted unless a defendant will suffer "'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718. Factors considered by the Court when making the "prejudice" determination include: (1) the defendant's effort and expense of trial preparation, (2) the plaintiff's delay or lack of diligence in prosecuting claims, (3) the defendant's explanation why dismissal without prejudice is appropriate, and (4) whether the defendant has filed a motion for summary judgment. *Id.*

In this case, dismissal is appropriate. Dinesol's motion to voluntarily dismiss its antitrust counterclaims was made shortly after this Court lifted the stay in this proceeding and it learned that Tapco would not stipulate to a dismissal without prejudice. Because of the Court's decision to first address patent claims and then its subsequent stay, Tapco has not expended any effort or expense preparing for trial on Dinesol's antitrust counterclaims. Moreover, because Tapco's patent infringement claims have been voluntarily dismissed without prejudice, Dinesol's declaratory judgment claims that address the same patents should likewise be dismissed without prejudice. Furthermore, there is no pending motion for summary judgment as to Dinesol's counterclaims.

Finally, despite Tapco's claims to the contrary, Dinesol's explanation why a dismissal

4

without prejudice is appropriate is sufficient. Dinesol states that it does not have sufficient resources to fund both the antitrust counterclaims in this Michigan action and the abuse of process and malicious prosecution claims pending in the Ohio action. Thus, Dinesol asserts, it has elected to pursue the narrower claims pending in the Ohio action rather than the antitrust counterclaims pending here because to do so would be less costly. Tapco complains that if Dinesol obtains a dismissal without prejudice of its antitrust claims in this Michigan action, it will be able to add them to its pending claims in the Ohio action. This is not enough to deny Dinesol's motion. "'Plain legal prejudice' does not result simply because the defendant faces the prospect of defending a second lawsuit, nor does it result simply because the plaintiff may gain some tactical advantage in a future lawsuit." *Performance Abatement v. Lansing Bd. of Water & Light*, 168 F. Supp.2d 720, 731 (W.D. Mich. 2001) (internal citations omitted). *See also Grover*, 33 F.3d at 718 (observing that "the mere prospect of a second lawsuit" does not constitute plain legal prejudice).

**B. With or Without Prejudice**

The Court's discretion extends to the issue of whether Dinesol's counterclaims should be dismissed with or without prejudice. *Read Corp. v. Bibco Equip. Co.*, 145 F.R.D. 288, 289-90 (D. N.H. 1993). Dismissal of Dinesol's counterclaims should be without prejudice. Tapco speculates that Dinesol wants a dismissal without prejudice so that it can add them in the Ohio action by amending its complaint. Based on that speculation, Tapco argues that Dinesol should not be permitted to "forum shop" in this manner. Dinesol denies that it is engaging in forum shopping. (Dinesol Reply at 2-3.) Dinesol's decision, it asserts, is a business one; not one seeking tactical gamesmanship. Dinesol further asserts that it has no intention of refiling its antitrust claims in the Ohio action or elsewhere – unless Tapco

5

recommences litigation against Dinesol. Based on Dinesol's assertions, this Court will grant Dinesol's motion to dismiss its counterclaims without prejudice.[1]

### C. Whether Conditions Should be Imposed

Tapco argues alternatively that, if this Court grants Dinesol's motion to dismiss its counterclaims without prejudice, then it should impose the following conditions: (1) that Dinesol also dismiss its pending Ohio action without prejudice; and (2) that if Dinesol refiles its antitrust claims or files any claim of any type or description for the costs and actual attorney fees incurred by Dinesol while defending against Tapco's patent claims in this Michigan action, then any such filing or refiling shall be in the United States District Court for the Eastern District of Michigan. This Court rejects Tapco's arguments.

Dinesol's claims in the Ohio action are based, not on whether Tapco's patents are invalid or have been infringed, but rather on whether Tapco acted improperly when it filed patent infringement claims in this Michigan action when such claims were barred by the parties' September 2004 Settlement Agreement. The Michigan and Ohio actions are not parallel. Tapco has not persuaded this Court that it could or should condition a dismissal of Dinesol's counterclaims here on its dismissal of different claims in the Ohio action. Likewise, Tapco has not persuaded this Court that it should condition a dismissal without prejudice on the requirement that, should Dinesol file or refile either its antitrust counterclaims or any claim of any type or description for the costs and actual attorney fees incurred by Dinesol while defending against Tapco's patent claims in this action, it must do

---

[1]Tapco's additional argument based on the "first filed" rule is also rejected. There is no complaint pending in another court that raises the claims asserted in Dinesol's counterclaim. Accordingly, the "first-to-file" rule does not apply here.

so in the United States District Court for the Eastern District of Michigan.

**III. Conclusion**

For the reasons stated above, this Court GRANTS Dinesol's motion to dismiss without prejudice, DISMISSES WITHOUT PREJUDICE Dinesol's counterclaims, and DISMISSES this case in its entirety.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: September 13, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 13, 2007, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager